UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHERYL YEE, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-00210-JST<br><br>**ORDER GRANTING COLUMBUS LIFE INSURANCE COMPANY'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 40 |

　　　　Before the Court is Plaintiff Columbus Life Insurance Company's ("Columbus Life") motion for attorney's fees and costs. Defendants Cheryl Yee and the Christine Cheng-Yee 2016 Irrevocable Trust, by and through its trustee Larry F. Cheng, do not oppose the motion. ECF Nos. 51, 52. The Court will grant the motion.

## I.　BACKGROUND

　　　　Columbus Life issued a life insurance policy ("Policy") to Christine Cheng-Yee ("Decedent") in 2017. ECF No. 1 ¶ 10. The Policy provides a death benefit of $2,000,000. *Id.* ¶ 11. Defendant Cheryl Yee ("Ms. Yee") is designated as the sole primary beneficiary of the policy. *Id.* ¶ 12. The Policy owner is Defendant the Christine Cheng-Yee 2016 Irrevocable Trust (the "Trust"). *Id.* ¶ 13.

　　　　Decedent died on March 20, 2022, while the Policy was still in force, and the benefits became payable. ECF No. 17 ¶¶ 13, 14. Ms. Yee submitted a claim for benefits. *Id.* ¶ 15. Ms. Yee was thereafter charged with Decedent's murder. *Id.*

　　　　Columbus Life then filed this interpleader action to determine the rightful recipient of the policy benefits and remove itself from this and any future litigation. ECF No. 1. On October 23, 2023, the Court granted Columbus Life's motion to deposit the funds into the Court and be

1   dismissed from the case.  ECF No. 39.  Columbus Life subsequently filed this motion for

2   attorney's fees.  ECF No. 40.

## II.   LEGAL STANDARD

In an interpleader action, "[t]he award of attorney fees is fundamentally a matter of discretion of the trial court." *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962).  "Fee awards are properly limited to those fees that are incurred in filing the action and pursuing . . . release from liability." *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.), *amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000) ("*Tise*").  "Compensable expenses include, for example, preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Id.* at 427.  "Because the scope of compensable expenses is limited," attorney's fee awards to the "'disinterested' interpleader plaintiff are typically modest." *Id.*  "Moreover, because the attorney's fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.*

## III.   DISCUSSION

Columbus Life seeks attorney's fees of $15,408.00 and costs of $702.77 incurred in preparing and amending the complaint; effecting service of documents; attending case management conferences; and moving for interpleader.  ECF No. 40-1 ¶ 5; *Tise*, 234 F.3d at 426.

### A.   Attorney's Fees

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

#### 1.   Billing Rates

Columbus Life submits a declaration from its attorney, Kimberly M. Ingram-Hogan, who states that the average billing rates charged by Columbus Life's attorneys over the life of the case were as follows: $572.50 for the most senior partner, who has over twenty years of experience; $405 for the lead attorney, who was elevated from associate to partner while the case was pending;

1  $384 for associates with three to seven years of experience; and $272.50 for a paralegal with over
2  fifteen years of experience.  ECF No. 40-1 ¶ 6.
3     "When determining an attorney's reasonable hourly rate, courts weigh the 'experience,
4  skill, and reputation of the attorney requesting fees,' and compare the requested rates to prevailing
5  market rates of the relevant community."  *Funk v. Bank of Haw.*, No. 20-cv-01378-BLF, 2020 WL
6  3503881, at *2 (N.D. Cal. June 29, 2020) (quoting *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–
7  11 (9th Cir. 1986)).  In this case, the "relevant community" for comparing reasonable attorney
8  rates is the Northern District of California.  *Id.*  "District courts in Northern California have found
9  that rates of $475–$975 per hour for partners and $300–$490 per hour for associates are
10 reasonable."  *Miletak v. AT&T Servs., Inc.*, No. 12-cv-05326-EMC, 2020 WL 6497925, at *6
11 (N.D. Cal. Aug. 3, 2020); *see also In re Magsafe Apple Power Adapter Litig.*, No. 5:09-cv-01911-
12 EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) (finding that "in the Bay Area, reasonable
13 hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for
14 paralegals and litigation support staff from $150 to $240.").
15    The rates charged by Columbus Life's attorneys fall in the lower-to-middle parts of these
16 ranges, and the Court finds them to be reasonable.  An interpleader action is, as Ingram-Howard
17 notes, "relatively straightforward."  ECF No. 40-1 ¶ 4.  This matter, however, "was more
18 complicated than most similar matters because it involved an incarcerated defendant for whom
19 there are competency concerns, the application of the 'Slayer Statute' (Probate Code § 250), and a
20 trust as a contingent beneficiary with a trustee who is also the primary beneficiary's attorney of
21 fact."  *Id.*

22              **2.    Hours Claimed**

23    "In determining the appropriate number of hours to be included in a lodestar calculation,
24 the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'"
25 *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (internal citations omitted).
26    Columbus Life contends that it spent a total of 40 hours—10 hours of paralegal time, 20
27 hours of associate time, and 10 hours of partner time—pursuing this litigation.  ECF No. 40 at 4;
28

ECF No. 40-1 ¶ 7.  This time is broken down as follows:[1]

- 12.2 hours: reviewing relevant documentation, drafting the complaint and other case-initiating documents, and reviewing the Court's initial orders;
- 4.7 hours: handling issues related to service of the complaint and case-initiating documents and moving the Court to extend the Rule 26 deadlines;
- 3.1 hours: amending the complaint to include additional parties necessary by virtue of the Trust's status as a contingent beneficiary;
- 8.8 hours: attempting to reach a resolution with counsel for the trustee, and meeting Rule 26 requirements, and attending the Rule 26 conference; and
- 11 hours: drafting and serving the motion to deposit funds and be dismissed.

ECF No. 40-1 ¶ 5.

Columbus Life represents that the time spent was reasonable given the complications surrounding Ms. Yee's current incarceration and the previous conflict of interest in the representation of the Trust and Ms. Yee.  ECF No. 40 at 5.  Columbus Life also notes that "its fee request represents less than 1% of the $2 million fund at issue and that its requested award is consistent with awards made in this Circuit." *Id.*

The amount requested by Columbus Life is consistent with amounts awarded by other courts in similar circumstances.  In *State Farm Life Insurance Company v. Cai*, for example, the insurance company brought an interpleader action where the primary beneficiary was accused of feloniously killing the policy holder.  No. 09-cv-00396-LHK, 2013 WL 4782383, at *1 (N.D. Cal. Sept. 6, 2013).  The court ultimately awarded $15,000 in fees and costs "to compensate State Farm as a disinterested interpleader plaintiff and to incentivize future interpleader actions without depleting the fund." *Id.* at *3; *see also Principal Life Ins. Co. v. Calloway Est. of Perkins*, No. 19-cv-00147-DAD-SKO, 2021 WL 720648, at *6–9 (E.D. Cal. Feb. 24, 2021) (awarding $10,197.50 for 6.8 hours working on a complaint, 1 hour working on a motion to deposit funds, 11.9 hours obtaining service of process, 11.2 hours for scheduling conferences, and 5.3 hours for a motion for interpleader); *W. Conf. of Teamsters Pension Plan v. Jennings*, No. 10-cv-03629 EDL, 2011 WL 2609858, at *6 (N.D. Cal. June 6, 2011) (awarding $15,135.00 in fees and $826.99 in costs for "(1) contacting [d]efendants; (2) preparing and filing the initial complaint and other case-initiating

---

[1] The Court arrived at these hours by dividing the total cost billed for each activity by the average hourly rate of the attorneys involved.  *See* ECF No. 40-1

1 documents; (3) preparing the [c]ase [m]anagement [c]onference statement and attending the [c]ase [m]anagement [c]onference; (4) preparing the [r]equest for [e]ntry of [d]efault; and (5) preparing the motion for default judgment.")

The Court finds that the 40 hours spent by Columbus Life's attorneys are reasonable considering the unique circumstances of the case and in the context of other decisions in this circuit. Accordingly, the Court grants Columbus Life's requested fee award of $15,408.00.

**B.     Costs**

The Court finds that recovery of the $402 fee for filing the Complaint and $300.77 for service of the Complaint is reasonable and appropriate. Accordingly, the Court grants Columbus Life's request for a cost award of $702.77.

**CONCLUSION**

Columbus Life's motion is granted. Columbus Life may deduct the amount of $16,110.77 before it deposits the remaining funds in the amount of $1,983,889.23 plus applicable interest[2] with the Clerk of Court.

**IT IS SO ORDERED.**

Dated: April 24, 2024



JON S. TIGAR
United States District Judge

---

[2] Defendants note that Columbus Life has failed to specify the rate used in calculating the "applicable interest" to be applied to the interpleader funds. ECF No. 51 at 1; ECF No. 52 at 2. Defendants failed to raise the issue when the Court granted Columbus Life's unopposed motion to deposit funds into the Court and that language first appeared. *See* ECF No. 39.

Columbus Life shall add interest to the deposited funds calculated from the date of the filing of the interpleader complaint until the date of deposit "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the [deposit]." *Penn-Star Ins. Co. v. Thee Aguila, Inc.*, No. CV219365PSGRAOX, 2022 WL 17224687, at *4 (C.D. Cal. Mar. 29, 2022) (quoting 28 U.S.C. § 1961(a)(b)), *aff'd sub nom. Penn Star Ins. Co. v. Aguila*, No. 22-55664, 2023 WL 7101931 (9th Cir. Oct. 27, 2023).